**NOT FOR PUBLICATION**

OCT 18 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MUCHDY ALDJOKJA, | No. 09-73045 |
| Petitioner, | Agency No. A095-634-675 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2013[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Muchdy Aldjokja, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny the petition.

In his application for withholding of removal, Aldjokja claimed that he was subject to past persecution in Indonesia because of his Chinese ethnicity and association with Christians. Substantial evidence supports the BIA's finding that even presuming Aldjokja suffered past persecution, his presumption of future persecution has been rebutted by a fundamental change in country conditions. *See* 8 U.S.C. § 1252(b)(4)(B); 8 C.F.R. § 1208.16(b)(1)(i)(A). The State Department's 2005 Country Report indicates that there is ongoing discrimination against and harassment of ethnic Chinese in Indonesia, but there has been only one instance of targeted anti-Chinese violence since 1998. The record also establishes that religious violence in Indonesia is sporadic and limited to specific geographic regions. The BIA's analysis of Aldjokja's claims was sufficiently individualized. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003).

On prior remand from this court, the BIA properly considered the application of *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), to Aldjokja's presumption of future persecution. Although the BIA did not apply disfavored group analysis to Aldjokja's alternative claim of future persecution under 8 C.F.R. § 1208.16(b)(2), any such analysis would have been pointless. An applicant must

2

adduce at least "*some* evidence of individualized risk" to establish a sufficient likelihood of future persecution. *Wakkary*, 558 F.3d at 1065. The IJ's finding that Aldjokja failed to show any evidence of individualized risk was supported by substantial evidence. *See Lolong v. Gonzales*, 484 F.3d 1173, 1180 nn.4-5 (9th Cir. 2007) (en banc).

Finally, even assuming that Aldjokja did not waive his asylum and CAT claims, substantial evidence supports the BIA's determinations that his asylum claim was time-barred and that he failed to establish eligibility for CAT relief. *See* 8 U.S.C. § 1158(a)(2)(B); 8 C.F.R. § 1208.16(c).

**PETITION FOR REVIEW DENIED.**